M. H. SCHLEY ET AL. V. JOHN HALE.

(No. 1243, Op. Book No. 2, p. 110.)

APPEAL from Washington County. Opinion by WALKER, R. S., P. J.

§ 930. *Joint owner; partner; interest of, subject to levy, etc.* The interest of a joint owner of property is subject to levy and sale, and so also is the interest of a partner in partnership property thus subject to satisfy an

individual debt to the extent of the interest of the partner against whom the execution is issued, in the effects, after settlement of all accounts. Such seizure and sale of partnership effects will be subject to the prior rights and liens of the other partners and the joint creditors thereon. [Rogers v. Nichols, 20 Tex. 725.] Where the rights of the other partner require protection against injury or loss, in a proper case, the appropriate remedy, as by injunction, will be afforded.

§ 931. *Trial of right of property.* The proceeding of trial of the right of property is a statutory one, whereby a person who has such a right in property which is levied on as entitles him to its possession or exemption as against the levy of the execution, may proceed under the provisions of the act regulating such trials, or he may, at his election, waive his right to do so, and avail himself of his common law remedies by suit for the recovery of the property or for damages. [Moore v. Gamel, 13 Tex. 121.]

§ 932. *Trial of right of property; claim of joint owner or partner; judgment in such case against claimant.* Neither a joint owner nor a partner can, in virtue of such right, resist the levy and sale of the interest of their co-owner or copartner in the property. In a trial of the right of property, where the claimant's right depends alone upon an interest as joint owner or partner in the property, the judgment of the court will not undertake to regulate the equities of the other joint owners or partners, but will determine only the plain issue of whether or not the property is subject to the execution and levy, and if the claimant fails to show that it is not thus subject, the judgment will be against him and the sureties upon his claim bond as directed by the statute. [R. S. art. 4843.] A joint owner or partner in property cannot in this proceeding, as a claimant of the property, prevent the sale of the interest of his co-owner or copartner in the property, or in any way affect it. If his rights require protection in the matter, he must resort to other remedies afforded by the law.

§ 933. *Repeal of statute by implication.* "Although the law does not favor repeals by implication, yet a subsequent statute revising the subject matter of a former one, and intended as a substitute for it, although it contains no express words to that effect, will operate a repeal of the former to the extent to which its provisions are supplied or repealed." [Stirman v. State, 21 Tex. 734.] And where a statute is revived, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. [Ellis v. Page, 1 Peck, 43–45; Bryan v. Sundberg, 5 Tex. 418.] And "when a new statute itself comprehends the entire subject, and creates a new, entire and independent system respecting that subject matter, it repeals all previous laws respecting the same subject matter." [Bryan v. Sundberg, 5 Tex. 418.] Upon these principles in this case, it was *held* that the act of August 13, 1870 [2 Pas. Dig. 6279 et seq.], repealed article 5314, Pas. Dig., in so far as relates to proceedings in justices' courts.

June 23, 1880.          Reversed and reformed.