CHARLES C. SEGARS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed December 14, 1927.

*Gordon R. Broome*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant Attorney General, for the State.

BROWN, J.—The plaintiff in error, Charles C. Segars, was convicted in the Criminal Court of Record for Dade County of the crime of highway robbery and sentenced to a term of years in the State penitentiary. The judgment and sentence has been brought before us for review on writ of error.

The information in this case ran in the name of "Glenn C. Mincer, Assistant County Solicitor for the County of Dade, prosecuting for the State of Florida in the said county," and was signed and sworn to, and apparently filed, by said Mincer as assistant county solicitor, Dade County, Florida.

The only question presented by this record is whether or

not an assistant county solicitor is constitutionally vested with authority, under Sec. 5975, Rev. Gen. Stats., to sign, swear to and file informations in his own name as such assistant county solicitor. This question was raised in the court below by both motion to quash the information and motion in arrest of judgment. There is nothing in the record to indicate that the county solicitor was connected in any way with the institution or conduct of the prosecution or trial of this case.

In the case of Sawyer v. The State, 113 So. 736, an attempt was made to raise the same question which is now before us. It was contended by plaintiff in error in that case that the attempt in Sec. 5975, Revised General Statutes, to vest an assistant county solicitor with power to sign, swear to and file an information in a criminal court of record, was contrary to Sec. 28 of Art. V of the Constitution. It was there held by this Court that, for the reasons therein stated, the plaintiff in error in that case was not in a position to raise the point, which is, however, in the instant case, squarely presented. It is here earnestly contended in behalf of plaintiff in error that the assistant county solicitor was without authority to sign and make oath to the information because of the fact that Sec. 5975, Revised General Statutes, attempting to clothe the assistant county solicitor with such power, contravenes both Secs. 27 and 28 of Art. V of the Constitution of 1885; whereas it is just as earnestly insisted by the Attorney General that a liberal construction of the constitutional provisions is proper here, and so construed, the statute should be held valid *in toto*.

Sec. 24 of Art. V of the Constitution provides for the establishment of criminal courts of record, and Secs. 25 and 26 prescribe their jurisdiction and number of terms per year. Sec. 27 reads as follows:

"There shall be for each of said courts a prosecuting attorney, who shall be appointed by the Governor and confirmed by the Senate, and who shall hold his office for four years. His compensation shall be fixed by law."

Sec. 28 of said Art. V reads in part as follows:

"All offenses triable in said court shall be prosecuted upon information under oath, to be filed by the prosecuting attorney," etc.

Sec. 5972 of Revised General Statutes, derived from a statute adopted in 1887, says that the "prosecuting attorney of the criminal court of record shall be called the solicitor," etc., and Sec. ——, derived from the same Act of 1887, provides that "All offenses of which said court has jurisdiction shall be prosecuted upon information filed by the county solicitor under oath," etc., and prescribed the form of such oath to be made by such named officer.

Other sections give the county solicitor authority to use the process of court to summon witnesses to appear before him and testify under oath as to violations of the criminal law about which they may be interrogated.

It will be observed that the first legislative enactment on this subject after the Constitution of 1885 was adopted, while providing that the "prosecuting attorney" should be called the "county solicitor," further provided that in said court all offenses should be "prosecuted upon information filed by the county solicitor under oath," etc. See Chap. 3531, Laws of 1887. This is in the nature of a legislative interpretation of the meaning of the constitutional provision, which, while not controlling upon the courts, is at least somewhat persuasive, and tends to offset the later legislative interpretation to the contrary.

One of the most common rules of constitutional and statutory construction is, that the express mention or enumeration of a certain thing or things will usually be construed to

exclude all things not thus enumerated—*expressio unius est exclusio alterius.* See numerous cases applying this rule cited in 25 C. J. 220 and 19 Cyc., p. 23, *et seq.* This is a rule to be used as an aid in ascertaining the true meaning of a constitutional or statutory provision, and not as a rigid rule of universal application. It should not, of course, be so applied as to thwart the evident purpose of a constitutional provision. 12 C. J. 707; State v. Bryan, 50 Fla. 293, 39 So. 929. But it is a rule based upon both logic and common sense and its application is generally helpful in ascertaining the true meaning and purpose, which is the real object of all construction. State v. Butler, 70 Fla. 102, 69 So. 771, and cases cited. The same thought is sometimes expressed thus: "Affirmative words may, and often do, imply a negative of what is not affirmed." District Township v. Dubuque, 7 Ia. 662; Bryan v. Sundberg, 5 Tex. 418.

There is another rule of construction, closely related to the one just mentioned, and that is, that when the constitution prescribes the form or manner of doing a thing, that is in effect a prohibition against the passage of a law prescribing a different manner of doing it. 12 C. J. 740; Cooley's Const. Lim., 7th Ed., 114; State v. Barnes, 24 Fla. 29, 3 So. 433; Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963, Ann. Cases 1914 B, 916; State v. Butler, 70 Fla. 102, 69 So. 771; State v. Yeates *et al.,* 74 Fla. 509, 77 So. 262; Coleman v. Eutaw, 157 Ala. 327, 47 So. 703; District Township v. Dubuque, 7 Ia. 262; Scott v. Ford, 52 Oregon, 288, 97 Pac. 99; Leonard v. Franklin, 84 Fla. 402, 93 So. 688, 691; Bryan v. Sundberg, 5 Tex. 418. In the last cited case it was held that, "affirmative words in a statute, do sometimes, and it is believed, where the public is concerned in the performance of official duties, they do always, imply a negative of what is not affirmed. * * * Statutes which prescribe and limit the exercise of official duty, ought to

receive a strict interpretation, in respect to the powers conferred, and the manner of their exercise; and those powers are not to be enlarged by construction.'' In the case of Coleman v. Town of Eutaw, *supra*, Justice McClellan, speaking for the Supreme Court of Alabama, said: ''We can adduce from our own adjudications, and from the authorities on which they are rested, no other rule than that provisions of the organic law, defining a particular mode in which a power is to be exercised, must be taken as limitations against and restrictions upon the observance of any other mode than that prescribed in the organic law, and that a mode attempted other than that particularly defined can work nothing but a nullity.''

Applying these principles to the provision in Sec. 27 of Art. V of the Constitution that, ''there shall be in each of said courts a prosecuting attorney who shall be appointed by the Governor and confirmed by the Senate,'' and to the provision in Section 28 that ''all offenses triable in said court shall be prosecuted upon information under oath, to be filed by the prosecuting attorney,'' it appears that the constitution provides for and contemplated but one officer —the ''prosecuting attorney,'' called by the statute the ''county solicitor''—to be responsible for all prosecutions in such courts, and to that extent to be a minister of justice, vested with a portion of the sovereign authority of the State, and that he, and he alone, shall make oath to and file the informations which initiate and form the basis for all prosecutions in such court, thereby exercising for and in the name of the State a grave authority, discretion and responsibility similar to that theretofore exercised by the grand jury of ancient lineage and dignity, which stood between the sovereign power and the people and determined against whom, and upon what showing, prosecutions should be brought and the machinery and powers of the

government put into operation (22 R. C. L. 86, 96; Gabrink v. Hospers, 147 Ia. 712, 126 N. W. 818, Ann. Cas. 1912 B, 754; 32 Cyc. 689, 713) for alleged infractions against the laws of the land. This does not necessarily mean that the legislature could not provide for the appointment of assistant to the county solicitor in the performance of his work, in the investigations and prosecution of cases in his court, etc., and provide for the payment of their compensation; but the county solicitor is the responsible officer by whose authority and under whose supervision his assistants must discharge their duties, and he it is in whose name the informations should run, as provided in Section 5976 of the Revised General Statutes, and he it is who must determine whether prosecutions shall be brought, which determination is signified by his making oath to and *filing* in court such informations as he decides are warranted by the facts before him, as provided by the Constitution. No other conclusion could be reached without doing violence to both the letter and the spirit of the Constitution. Nor could any other conclusion be reached without invalidating practically all of the statutory provisions for assistant county solicitors; for if they in fact are substantive and independent officers, clothed with all the powers of the county solicitor and thus vested with a portion of the sovereign authority of the State, which they may exercise in their own name and at their own discretion, the statute would then have had to provide that they should be appointed by the Governor, instead of by the county solicitor, or elected by the people, as required by Section 27 of Article III of the Constitution. These assistant county solicitors must therefore *not* be regarded as *public officers,* within the meaning of the Constitution, of either the State or the county, if the constitutionality of the statutory provision giving the county solicitor the power of their appointment is to be

upheld. State ex rel. Holloway v. Sheats, 78 Fla. 583, 63 So. 508. The county solicitors, while representing the State in the Criminal Court of Record for their county, have been held to be county officers. State ex rel. Murphy v. Barnes, 24 Fla. 29, 3 So. 433. Of course, this does not mean that the judge of such court cannot supply by appointment a competent person to temporarily perform the duties of that office in case of exigency, under the provisions of Sec. 5974, Rev. Gen. Stats. King v. State, 43 Fla. 211, 31 So. 254. See also in this connection Thalheim v. State, 38 Fla. 169, 20 So. 938; Miller v. State, 42 Fla. 266, 28 So. 208. It has been held that the fact that an attorney is an officer of the court in which he practices does not make him also a public officer. If it did, the attorney representing the defendant, being an officer of the court, would also be a public officer. The prosecuting attorney represents the sovereign power of the peope of the State, and it is his relation to his client, not to the court, which makes him a public officer. Fleming v. Hance, 153 Cal. 162, 4 Pac. 620.

It may be said that the above view ignores the principle of agency, founded upon a maximum of wide and salutary application, *qui facit per alium facit per se*. 32 Cyc. 1391, 2 C. J. 429. It is undoubtedly true that any person capable of transacting *his own business* may as a general rule appoint an agent to act in his behalf in all the ordinary affairs of life. But the ''business'' of a prosecuting attorney is not entirely and exclusively his own business. And there is another principle of the law of agency which we must not overlook in this connection. That is, that an agent in whom is reposed a trust and confidence, or who is required to exercise skill, discretion or judgment, may not delegate the performance of his duties to another without the consent of his principal. 2 C. J. 685, 21 R. C. L. 861. But where he has exercised his discretion and determined upon the

propriety of an act, he may delegate to a sub-agent the execution of mere clerical or ministerial acts. 2 C. J. 689. It cannot be denied that the county solicitor is in substance an agent of the State, in whom trust and confidence is reposed and who also is required to exercise skill, judgment and discretion, and under the principles of agency he could not delegate his power to sub-agents or assistants as to those vital matters relating to the initiation of prosecutions which require the exercise of the very judgment and discretion which he was himself appointed to exercise for his principal, the State, unless such principal has authorized or consented thereto, in some valid manner. If public officers could assign or delegate to others the grave duties requiring judgment and discretions, which they were personally appointed or elected to perform, there would be an early end to responsible representative government. There are certain things in civil life as well as on the field of battle as to which the government accepts no substitutes. Has the principal, the State, consented to the delegation by the county solicitor to his assitants of the power and discretion to initiate prosecutions—i. e., the filing of informations in the criminal court of record? The legislature has, by the statute now appearing as Sec. 5975, R. G. S., attempted so to do, but, as above shown, such attempt is in conflict with the higher law—the Constitution, which expressly imposes this important power and duty upon the prosecuting attorney (county solicitor) appointed by the Governor and confirmed by the Senate.

This does not mean that such officer cannot have the help of assistants in the investigation and preparation of cases for trial, as well as in the trial of cases. In fact, there is nothing in the Constitution prohibiting an assistant from trying cases for the county solicitor without the latter's presence or participation. It might well become the duty

of a county solicitor to engage assistance in his work, even in the absence of special statutory authority, according to some authorities, where the volume of business and the exercise of due diligence in its performance, required it. 32 Cyc. 721. As was said in Engle v. Chipman, 51 Mich. 524, 161 N. W. 886; "No doubt a prosecuting attorney may employ assistants in various ways not involving his official discretion or responsibility, and this is all that defendant admits he ever did. But the law has very carefully guarded the criminal interests of the State from any interested or unauthorized intermeddling. The prosecuting attorney is a very responsible officer, selected by the people and vested with personal discretion intrusted to him as a minister of justice, and not as a mere legal attorney. He is disqualified from becoming in any way entangled with private interests or grievances in any way connected with charges of crime. He is expected to be impartial in abstaining from prosecuting as well as in prosecuting, and to guard the real interests of public justice in favor of all concerned. This discretion is official and personal, and our laws have only allowed its delegation on special grounds, where an assistant has been provided for by carefully guarded legislation. It is directly contrary to public policy to allow any general delegation of a prosecutor's powers, and the courts cannot recognize any such arrangement as forming a basis for personal compensation."

It follows that in so far as Sec. 5975, Rev. Gen. Stats., purports to give assistant county solictors power to file information, or to sign and file informations in their own names, as such assistant county solicitors, it is unconstitutional and void. This requires us to hold that the information upon which this plaintiff in error was tried and convicted, was issued and filed without lawful authority, and that the court below erred in denying the motion to quash,

as well as the motion in arrest of judgment, interposed on such ground.

Reversed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.