JOHN WELCH, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed April 3, 1929.

W. P. *Chavous* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—In this case the plaintiff in error was convicted in the Circuit Court of Dixie County upon a charge of larceny of a cow. The principal question raised in this court is whether or not the trial court erred in denying a motion for a new trial upon the ground that the evidence was insufficient to sustain the verdict.

There is some evidence to show that the cow in question was the property of the person from whom it was alleged to have been stolen. The record discloses that this particular person turned a cow out on the range and some months later a cow which that person and other witnesses testified was the same cow, was found in the open possession of the plaintiff in error. That the plaintiff in error knew for some weeks before the cow was found by the alleged owner in his possession that such alleged owner was looking for such a cow and there is no evidence to indicate that he made any effort to hide, conceal or get rid of the cow, but continued to openly claim the cow as his property.

The record further discloses that the plaintiff in error traded for a certain cow from one Joe Smith several years prior to the dates involved in this transaction and that the cow which he bought from Joe Smith strayed off from his range. That he afterwards found the cow which he identified as the cow which he bought from Joe Smith, and which was identified by several other witnesses as the cow he bought from Joe Smith, at a place distant from his range and of practically the same distance from the range of the alleged owner of the alleged stolen cow. That he took the cow home and then marked her and dehorned her.

When the evidence is all fairly considered we think that it does not measure up to that degree of strength and certainty which is required to sustain a verdict of guilt and that the ends of justice would have been best subserved by the granting of a new trial and for this reason the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.