STATE, *ex rel.* PAUL RICKS, v. J. P. DAVIDSON, as Sheriff of Manatee County.

163 So. 588.
Opinion Filed October 12, 1935.

*Robert E. Willis,* for Petitioner;

*Cary D. Landis,* Attorney General, *Ira A. Hutchison,* Assistant, and *Dewey A. Dye,* Assistant State Attorney, for Respondent.

BUFORD, J.—This is a proceeding in habeas corpus of original jurisdiction in this Court.

The petitioner alleges that he is unlawfully restrained of his liberty in that he is held in the common jail of Manatee County without any charge of a violation of the law of the State of Florida being lodged against him. He alleges that two pretended informations have been filed against him and capiases issued thereon but that the informations are null, void and of no effect because one charging assault with intent to commit murder in the first degree was signed,

> "DEWEY A. DYE,
> *"Assistant States Attorney for the*
> *12th Judicial Circuit of Florida,*
> *Prosecuting for said State."*

and was sworn to by Dewey A. Dye before the Clerk of the Circuit Court of Manatee County; and the other informa-

tion charging breaking and entering with intent to commit a misdemeanor was signed:

> "Roy D. Stubbs,
>
> *"State Attorney of the 12th Judicial Circuit of Florida, prosecuting for said State,*
>
> "By Dewey A. Dye,
>
> *"Assistant State Attorney of the 12th Judicial Circuit of Florida, prosecuting for said State,"*

and was sworn to by Dewey A. Dye.

The return of the Sheriff shows that petitioner is held under the information as alleged.

The return further sets up the claim that Dewey A. Dye was authorized to file the informations under the provisions of our Constitution and Statutes, all of which may be treated as surplusage, as it is not the province of the Sheriff to determine the legality of process under which he holds a prisoner when the same has been issued to him by a court of competent jurisdiction.

The law applicable to this case has been enunciated by this Court in the case of Segara v. State, 94 Fla. 1128, 115 Sou. 537. It is true that in that case we had under consideration the power and authority of assistant County Solicitors to sign, swear to and file information in Criminal Courts of Record, which authority was attempted to be given to such officers by the provisions of Section 5975 R. G. S. of Florida and we construed there the provisions of Section 27 of Article V of the Constitution in connection with the statutory provisions referred to. Section 27 of Article V provides:

"There shall be for each of said Courts a prosecuting attorney, who shall be appointed by the Governor and con-

firmed by the Senate, and who shall hold his office for four years. His compensation shall be fixed by law."

Section 10 of the Declaration of Rights as amended at the General Election held November 6th, 1934, provides, insofar as the same is necessary to be considered here, as follows:

"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution." * * *

Section 11 of Article V prescribes the jurisdiction of circuit courts. Section 12 prescribes that circuit courts may have such extra territorial jurisdiction in chancery cases as may be prescribed by law. Section 13 prescribes certain duties of Circuit Judges. Section 14 prescribes certain powers of Circuit Judges and Section 15 prescribes, in part, as follows:

"The Governor, by and with the consent of the Senate, shall appoint a State Attorney in each Judicial Circuit, whose duties shall be prescribed by law, and who shall hold office for four years."

These provisions, when taken together, show clearly that it was the intent and express purpose of the Constitution that the prosecuting power in each Judicial Circuit should be in a State's Attorney. That this officer should be appointed by the Governor by and with the consent of the Senate, for a term of four years. The requirements of his appointment were made to be of the same dignity as those pertaining to the appointment of Circuit Judges.

When Section 10 of the Bill of Rights was amended so

as to curtail the necessity for grand jury action and to substitute in many cases information charging felonies in lieu of indictments as theretofore required, it was definitely provided that "No person shall be tried for other felony unless on presentment or indictment by grand jury or upon information under oath filed by the Prosecuting Attorney of the Court wherein the information is filed, except as otherwise provided in this Constitution." Now, the Constitutional Prosecuting Attorney of the Circuit Court is the State Attorney and as the Constitution required that information filed in that court shall be "under oath filed by a Prosecuting Attorney," the State's Attorney, the officer whose appointment is provided for in the Constitution, is the only officer authorized to make oath to and file such informations. This conclusion is based upon the opinion and authorities cited in Segars v. State, *supra*.

There are other duties devolving upon the State's Attorney which are statutory and these statutory duties may be delegated by the Legislature to either an Acting State's Attorney or an Assistant State's Attorney. Even the signing of indictments by a State's Attorney is a statutory duty and it may be, and in fact has been, by the provisions of Chapter 16784, Acts 1935, delegated to Assistant State's Attorneys. But the filing of an information is the lodging in a court of a solemn and formal complaint charging a citizen, or citizens, with a violation of the criminal statutes and now informations may be used to charge the most heinous offenses not punishable by death.

Therefore, it is a wise and salutary provision of the Constitution which limits the exercise of that power to those officers who are specifically provided for by the provisions of the Constitution. It is a function in the performance of which careful consideration, wise conclusions and cautious

action should be exercised, and by an officer recognized by the Constitution.

Having reached the conclusion above stated, it follows that the purported informations upon which the capiases issued under which this petitioner is held are null, void and of no effect.

Therefore, the petitioner should be discharged from custody under the capiases based upon these informations.

It is so ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.