MELVIN O. GRAIVES v. S. E. STONE, as Sheriff of Volusia County.

168 So. 407.
Division B.
Opinion Filed May 22, 1936.

*John S. Byington* and *John D. Broome,* for Petitioner; *Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Respondent.

BUFORD, J.—Petitioner in habeas corpus, original proceedings in this Court, contends that he should be discharged from custody because he was indicted for the crime of manslaughter in July, 1935, in the Circuit Court of Volusia County, and was tried and convicted on such indictment on July 30, 1935, and that on August 6, 1935, was

sentenced to State prison for a term of Ten (10) years for said offense.

Under this state of facts, the Petitioner could not maintain habeas corpus for his release, unless the indictment is shown to be void on its face.

The contention is that the indictment was of no force and effect because it was returned by a Grand Jury, which Grand Jury was illegally drawn and he was convicted by a petit jury, which petit jury was illegally drawn for the reason that the County Commissioners of Volusia County on January 2, 1935, selected and made out a list of 498 persons properly qualified to serve as jurors through the year 1935; that the names of such persons so selected were legally deposited in the jury box of the County and became the jury list from which juries should be drawn and selected to serve in the Circuit Court during the year 1935, or until exhausted; that on February 4, 1935, the presiding Judge in a case then pending in the court sustained a challenge to the array of petit jurors summonsed for service in the said County on the ground that the County Commissioners in selecting the jury list on January 2, 1935, so acted prior to the first week in January, 1935, in that the first week in January, 1935, did not commence until Sunday, the 6th day of January, 1935, and ended at midnight on Saturday, the 12th day of January, 1935, and that the said Judge made an order requiring the County Commissioners to meet and make out a new jury list and place the names in the jury box to serve as jurors for the year 1935; that the County Commissioners on the 7th day of February, 1935, pursuant to the said order of the presiding Judge of said Circuit Court, prepared a list of jurors and the names of such list were put into the jury box of said County on February 7th, 1935, and were substituted for those names which

had been put in the jury box pursuant to the selection made by the County Commisisoners on January 2, 1935.

It would probably be very easy for us to dispose of the question attempted to be raised but it is not brought to this Court in such manner as to present a justiciable question for our determination. Here we have an indictment valid on its face filed in a court of competent jurisdiction and upon which the defendant appears to have been tried before a petit jury without any objection having been interposed to the regularity of the drawing or impaneling of the Grand Jury and without any assault upon the regularity of the drawing or impaneling of the petit jury.

It has been repeatedly held in this jurisdiction that, "When there is any such irregularity in the drawing or impaneling of the Grand Jury that returns an indictment as would render it illegal or void, the proper way to make it appear is by plea in abatement." Pottadamer v. State, 17 Fla. 895; Tervin v. State, 37 Fla. 396, 20 Sou. 551; Tarrance v. State, 43 Fla. 446, 30 Sou. 685, 47 Law. Ed. 572; Hicks v. State, 97 Fla. 199, 120 Sou. 330.

In Young v. State, 97 Fla. 214, 121 Sou. 469, which was a habeas corpus proceeding, it was contended that because the information under which Young was tried was signed, sworn to and filed by the Assistant County Solicitor of Hillsborough County, the petitioner should be discharged from custody on authority of the opinion and judgment in the case of Segars v. State, 94 Fla. 1128, 115 Sou. 537. In the Young case we said: "In this case the petitioner was convicted in 1926, and the application for a writ of habeas corpus herein was presented February 24, 1928. It does not appear that at the trial the defendant by motion to quash, motion in arrest of judgment or otherwise during the same term of the court, made any ob-

jection or exception to the manner in which the information was signed or sworn to. The court had jurisdiction of the offense and of the defendant and it is not alleged that the information did not charge in offense under the laws, of this State, as in State, *ex rel.* Lockmiller, v. Mayo, 88 Fla. 96, 101 So. R. 228. The statute purporting to authorize the assistant county solicitor to file information under his own oath may be invalid in that respect, but this does not make void a judgment of conviction on such an information, rendered by a court having jurisdiction of the parties and of the subject matter and when a defendant does not duly object to the manner in which the information is signed and sworn to, at the proper time and in the proper way, he thereby waives his right to do so, and cannot invoke habeas corpus to obtain a discharge from custody."

Here we have an analogous case, the difference being this: In the Young case the information was signed, sworn to and filed by an assistant county solicitor. The assistant county solicitor was without authority to sign or swear to such information, but the irregularity had not been taken advantage of by the motion to quash, plea in abatement, or otherwise, at the trial. Here we have an indictment that is alleged by the petitioner to have been returned by an illegal Grand Jury but the indictment was not attacked by motion to quash plea in abatement or otherwise at the trial. The indictment is valid on its face charging an offense of which the trial court had jurisdiction. Under such circumstances the regularity or irregularity of the drawing and impaneling of the Grand Jury will not be determined in habeas corpus proceedings.

The petitioner is remanded to the custody of the Sheriff. So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.