

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 9, 1948

Hon. Will R. Wilson, Jr.
Criminal District Attorney
Dallas County
Dallas, Texas

Opinion No. V-472

Re: Whether H. B. 501 as
passed by the 50th Leg.
or Art. 3912e, Sec. 19,
Subd. (1), V.C.S.,deal-
ing with travel expen-
ses of sheriffs, appli-
es to Dallas County.

Dear Sir:

We refer to your recent letter in which you asked our opinion as to whether H. B. 501 as passed by the 50th Legislature, or Article 3912e, Section 19, Sub-division (1), V. C. S., dealing with travel expenses of sheriffs, applies to Dallas County.

H. B. 501, Acts of 50th Legislature, R. S. 1947, is as follows:

"Section 1. The County Commissioners Courts of this State are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to and from points within this State, under one of the four (4) following sections:

"(a) Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

"(b) Motor vehicles shall be furnished to such sheriffs and their deputies who may furnish gas and oil, wash and grease, inci-dental to the operation of such vehicles; for which gas and oil, wash and grease, such sheriffs and deputies shall be compensated at a rate not to exceed four cents (4¢) per mile for each mile such vehicle is operated in the performance of the duties of his of-fice.

"(c) Alternatively such County Commis-
sioners Courts may allow sheriffs and their
deputies in their respective counties to use
and operate cars on official business which
cars are personally owned by them for which
such officers shall be paid not less than
six cents (6¢) per mile nor more than ten
cents (10¢) per mile for each mile traveled
in the performance of official duties of
their office.

"(d) All compensation paid under the
provisions of this Act shall be upon a
sworn statement of such sheriff."

Prior to the enactment of H. B. 501 by the
50th Legislature, subdivisions (a) and (b) of Art. 3899,
V. C. S., and Art. 3912e, Section 19, subdivision (1),
V. C. S., were the statutes which governed the travel
expenses of sheriffs throughout the State. Subdivision
(a) of Article 3899 was applicable to counties whose of-
ficers were compensated on a fee basis. Subdivision (b)
of said Article applied to those counties operating on a
salary basis and having a population of not more than
190,000 inhabitants, while subdivision (1), Section 19
of Article 3912e was applicable to counties having a
population in excess of 190,000 inhabitants.

We deem it advisable to quote certain well
settled rules of statutory constructions pertinent to
your request.

39 Tex. Jur. 137 and 138 provides, in part, as
follows:

"Sec. 73. In General. - Although it
contains no repealing clause, a new enact-
ment abrogates any former act on the same
subject, with which it clearly and manifest-
ly conflicts, to the extent of the inconsis-
tency or repugnancy between the two. This
constitutes a repeal by implication, or,
more properly speaking, by necessary impli-
cation.

"Implied repeal is a matter of legisla-
tive intent - that is, a statute is repealed
by implication when it clearly appears that
such was the intention of the Legislature.

The passage of a statute that is conflict-
ing and inconsistent with, and repugnant
to, former acts on the same subject, shows
an intent to repeal such acts."

In Vol. 1, pages 475-477, Sutherland Statutory
Construction, 3rd Edition, we find the following:

"The intent to repeal all former laws
upon the subject is made apparent by the
enactment of subsequent comprehensive leg-
islation establishing elaborate inclusions
and exclusions of the persons, things and
relationships ordinarily associated with
the subject. Legislation of this sort
which operates to revise the entire subject
to which it relates, by its very comprehen-
siveness gives strong implication of a leg-
islative intent not only to repeal former
statutory law upon the subject, but also
to supersede the common law relating to
the same subject."

In passing upon a somewhat similar question in
the case of Meek v. Wheeler County, 125 S. W. (2d) 331,
the court said:

"In the case of Bryan v. Sundberg, 5
Tex. 418, 424, the Supreme Court of this
State announced the rule which, we think,
is decisive of the issue before us. Such
rule is in the following language: 'It
undoubtedly is true that a construction
which repeals former statutes, by implica-
tion, is not to be favored; and it is also
true that statutes in pari materia, and re-
lating to the same subject, are to be taken
and construed together; because it is to be
inferred that they had one object in view,
and were intended to be considered as con-
stituting one entire, and harmonious sys-
tem. But when the new statute, in itself,
comprehends the entire subject, and creates
a new, entire, and independent system, res-
pecting that subject matter, it is univer-
sally held to repeal and supersede all pre-
vious systems and laws respecting the same
subject matter.'

"An even stronger rule than the above
is to be found in Black on Interpretation
of Laws, Second Edition, page 355, in the
following language:  'Even where there is
no direct repugnancy or inconsistency be-
tween the earlier and the later law, there
may in some cases be an implied repeal.
This result follows where the later act
revises, amends, and sums up the whole law
on the particular subject to which it re-
lates, covering all the ground treated of
in the earlier statute, and adding new or
different provisions, and thus plainly shows
that it was intended to supersede any and
all prior enactments on the subject-matter,
and to furnish, for the future, in itself
alone, the whole and only system of sta-
tute law applicable to that subject.'

"Again, in State v. Houston Oil Co.
of Texas et al., Tex. Civ. App., 194 S. W.
422, 432, writ refused, it is said:  'The
rule is well settled that, when a subse-
quent statute shows by its context that
it was intended to embrace all the law
upon the subject dealt with, such statute
will, by implication, repeal all former
laws relating to the same subject.  The
correctness of that rule is not contro-
verted, and it is unnecessary to cite au-
thorities in support of it.'"

It will be noted that H. B. 501 is made appli-
cable to all counties of the State.  It states in unam-
biguous terms that the Commissioners Courts <u>are directed</u>
to supply transportation under one of the four alterna-
tives given.  The language is mandatory and not merely
permissible.

Moreover, the fact that the Act provides dif-
ferent methods of allowing the sheriff's expenses, and
leaving it within the discretion of the respective Com-
missioners Courts as to which method it will follow is
rather convincing that the Legislature intended that
said Act be applicable to all counties of the State re-
gardless of its size.

The Legislature is presumed to have had know-
ledge of all existing laws dealing with the same subject

matter and could have excluded those counties having a population in excess of 190,000 inhabitants, if it had not intended that such counties be included within the Act. This it did not do. Would it not be just as reasonable to say that the Act is not applicable to counties operating on a fee basis or to those counties operating on a salary basis and having a population of not over 190,000 inhabitants as it would to say that it does not apply to those counties having a population in excess of 190,000 inhabitants? In that event the Act would not apply to any county in the State and would be meaningless. It would be attributing to the Legislature the intention of having done a meaningless thing in passing such a bill.

Therefore, in view of the foregoing it is our opinion that H. B. 501 supersedes subdivision (1), Section 19 of Art. 3912e, V. C. S., and is applicable to the sheriff of Dallas County.

### SUMMARY

H. B. 501, Acts of the 50th Legislature, R. S. 1947, dealing with traveling expenses of sheriffs is applicable to Dallas County. It supersedes and repeals by implication subdivision (1) of Section 19 of Art. 3912e, V. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

APPROVED:

*Joe R. Greenhill*

ACTING ATTORNEY GENERAL

BA:mw