

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 21, 1959

Honorable Doug Crouch
Criminal District Attorney
Tarrant County Court House
Fort Worth, Texas

Opinion No. WW-765

Re: Since the enactment of
Articles 1665 and 1666a,
Vernon's Civil Statutes,
are Commissioners' Courts
and County Treasurers in
counties with a population
in excess of 225,000 re-
quired to comply with the
provisions of Articles
1634, 1635 and 1636, Ver-

Dear Mr. Crouch:                     non's Civil Statutes?

Your opinion request presents the following ques-
tion:

Since the enactment of Articles 1665
and 1666a, Vernon's Civil Statutes, are
Commissioners' Courts and County Treasurers
in counties with a population in excess of
225,000 required to comply with the pro-
visions of Articles 1634, 1635 and 1636,
Vernon's Civil Statutes?

In 1897, Articles 1634, 1635 and 1636, Vernon"s
Civil Statutes, were enacted by the Legislature, setting
out some of the duties of the County Treasurer relating
to county finances. They read as follows:

"Art. 1634. The county treasurer shall
keep accurate detailed accounts showing all
the transactions of his office. And all war-
rants by him paid off shall be punched at the
time he pays them; and the vouchers relating
to and accompanying each report shall be pre-
sented to the commissioners court with the cor-
responding report, when said court shall com-
pare the vouchers with the report, and all

proper vouchers shall be allowed and the treasurer credited with the amount thereof." (Emphasis ours).

"Art. 1635. When a claim presented as a voucher has been found by the court to be correct, the court shall cause the same to be canceled by writing or stamping upon the fact[1] thereof the word, 'canceled,' and the clerk shall attest the same by his official signature."

[1] So in enrolled bill. Should probably read 'face'."

"Art. 1636. When the commissioners court has compared and examined the quarterly report of the treasurer, and found the same correct, it shall cause an order to be entered upon the minutes of the court, stating the approval thereof, and reciting separately the amount received and paid out of each fund by the treasurer since the preceding treasurer's quarterly report, and the balance of such fund, if any, remaining in the treasurer's hands and the court shall cause the proper credit to be made in the accounts of the treasurer, in accordance with said order. Said court shall actually inspect and count all the actual cash and assets in the hands of the treasurer belonging to the county at the time of the examination of his said report. Prior to the adjournment of each regular term of the court, the county judge and each commissioner shall make affidavit that the requirements of this article have been in all things fully complied with by them at said term of said court, and that the cash and other assets mentioned in said county treasurer's quarterly report made by said treasurer to said court, and held by him for the county, have been fully inspected and counted by them giving the amount of said money and other assets in his hands. Such affidavits shall be filed with the county clerk and recorded in the minutes of said

court the term at which the same were
filed; <u>and the same shall be published</u>
<u>in some newspaper published in the county</u>
<u>if there be a newspaper published in the</u>
<u>county, for one time."</u> (Emphasis ours).

In the year 1905, the office of the County Auditor
was created by the Legislature and Articles 1665 and
1666a, Vernon's Civil Statutes, were enacted setting out
the duties of the County Auditor; Article 1665 was amend-
ed by Acts of the 54th Legislature, Regular Seccion, 1955,
Chapter 414, Page 1117, and Article 1666a was amended by
House Bill 240, Acts of the 49th Legislature, 1945, Chap-
ter 65, Page 93. As amended, they read as follows:

"Art. 1665. The County Auditor shall
make monthly and annual reports to the Com-
missioners Court and District Judge or Dis-
trict Judges of his county setting forth all
the facts of interest and showing the aggre-
gate amounts received and disbursed out of each
fund, the condition of each account on the books,
the amounts of county, district and school funds
on deposit in the County Depository, showing
further the amount of bonded and other indebted-
ness of the county, together with such other
information and suggestions as he may deem
proper or that said Commissioners Court or Dis-
trict Judge or District Judges may require.
Said annual report shall be made to include all
transactions during the year ending December
31st of each year and shall be completed and
filed at a regular or special term of the Com-
missioners Court in the following April and
copies of such reports shall be filed with the
District Judge or District Judges of said county.
Each time an annual audit is delivered to the
Commissioners Court and the District Judge or
District Judges, as the case may be, the County
Auditor shall send a report to the bonding com-
pany of each district, county or precinct officer
showing the condition of that particular office.
As amended Acts 1955, 54th Leg., p. 1117, ch.
414, § 3."

"Art. 1666a. The County Auditor in all

counties having a population in excess of
two hundred and twenty-five thousand (225,000)
as shown by the last preceding or any future
United States Censes shall serve as the budget
officer for the Commissioners Courts in each
county, and on or immediately after January
1st of each year he shall prepare a budget to
cover all proposed expenditures of the county
government for the current fiscal and calendar
year. . . .

"
. . .

"The County Auditor shall make to the Com-
missioners Court not less than monthly a com-
plete report showing the financial condition of
the county. Said report shall be in such form
as may be prescribed by said County Auditor and
shall set forth all facts of interest concerning
the financial condition of the county and shall
contain a consolidated balance sheet. The re-
port shall contain a complete statement of the
balances on hand at the beginning and close of
the month and the aggregate receipts to and ag-
gregate disbursements from each fund, the trans-
fers to and from each fund, the bonded warrant
indebtedness with the rates of interest due
thereon, a summarized budget statement showing
for each officer, department, or institution
budgeted the expenses paid from the budget during
the month and for the period of the fiscal year
inclusive of the month for which said report is
made, also the encumbrances against said budgets,
and the amounts available for further expendi-
tures, together with such other information as
such officer may deem necessary to reflect the
true condition of the finances of such county
or the Commissioners Court thereof may require.
The County Auditor shall publish once in a daily
newspaper published in said county a condensed
copy of said report showing the condition of
funds and budgets together with such recommend-
ations as he may deem desirable.

"In the preparation of the budget, the
County Auditor shall have authority to require
of any district, county, or precinct officer
of the county such information as may be

necessary to properly prepare the budget."

You will note that Article 1636, Vernon's Civil Statutes, requires the Commissioners' Court to examine the quarterly report of the County Treasurer and, if found correct, to enter an order to that effect on the minutes of the Court, swear to the fact of such examination, and publish such affidavit in a newspaper in the county. Article 1634, Vernon's Civil Statutes, requires the Treasurer to present all vouchers relating to the report to the Commissioners' Court and the Court must compare all vouchers with the report.

After the law creating the office of County Auditor was passed and his duties set forth, and particularly his duties as set out in Article 1665 and 1666a, Vernon's Civil Statutes, the County Auditor, who has authority to employ as many deputies as his needs require, is directed to do the same thing with respect to the accounts of the County Treasurer as are required of the Commissioners' Court in Articles 1634, 1635 and 1636, Vernon's Civil Statutes, even to the requirement that the report be published in a newspaper except that the report of the auditor shall be made monthly instead of quarterly as in the case of County Treasurers.

It is a well-settled rule of statutory construction that:

". . . statutes in pari materia and relating to the same subject are to be taken and construed together; because it is to be inferred that they had one object in view, and were intended to be considered as constituting one entire and harmonious system. But when the new statute in itself comprehends the entire subject and creates a new, entire and independent system respecting that subject-matter, it is universally held to repeal and supersede all previous systems and laws respecting the same subject-matter. . . . (Emphasis supplied by Court).

". . . 'if a subsequent statute be not repugnant in all its provisions to a prior one, yet, if the latter statute was clearly intended to prescribe the only rules which

should govern, it repeals the prior one.'
(3 How. U.S. R., 636.)  So a subsequent
statute revising the subject matter of a
former one, and evidently intended as a
substitute for it, although it contains no
express words to that effect, must operate
to repeal the former to the extent to which
its provisions are revised and supplied. . . ."
Bryan v. Sundberg, 5 Tex. 418, 424.

The duties of the County Auditor as set out in
Articles 1665 and 1666a, Vernon's Civil Statutes, of
very recent date compared with Articles 1634, 1635
and 1636, Vernon's Civil Statutes, are a comprehen-
sive set of rules prescribed by the Legislature con-
cerning the county budget and county financial reports,
and, in our opinion, is the only set of rules intended
by the Legislature to have effect regarding these sub-
jects in counties with a population in excess of
225,000.

When Articles 1634, 1635 and 1636, Vernon"s Civil
Statutes were passed in 1897, these rules were adequate
in dealing with county finances, but as our population
increased and many of our counties grew in population
and wealth, the necessity of a more efficient, compre-
hensive system in handling county finances became ob-
vious.  Consequently, the position of County Auditor was
created for the larger counties and Articles 1665 and
1666a, Vernon's Civil Statutes, were enacted.

As can be readily ascertained, it would be a dupli-
cation of effort to make it mandatory for the counties
with County Auditors and County Treasurers to comply with
both sets of statutes and, in those counties with a large
population, the task of complying with Article 1634,
Vernon's Civil Statutes, and Article 1636, Vernon's Civil
Statutes, would not be practical and would require the
full time of one or more members of the Commissioners'
Court if the letter of the law were carried out.  As stat-
ed in 36 Texas Jurisprudence, page 173, Statutes, Section
91:

"An important rule to be observed in
statutory interpretation is that an act
should be given a fair, rational, reasonable
and sensible construction, considering its

language and subject-matter, and with a
view to accomplishing the legislative in-
tent and purpose. . . ."

To give effect to both sets of statutes in this case
would not be reasonable.

In view of the above, we are of the opinion that
it was the intent of the Legislature for Articles 1665
and 1666a, Vernon's Civil Statutes, to supersede Articles
1634, 1635 and 1636, Vernon's Civil Statutes, insofar as
they pertain to counties with a population in excess of
225,000.

## SUMMARY

After the office of County Auditor was
created and Article 1665 and Article
1666a, Vernon's Civil Statutes, were
passed, a new, entire and independent
system of rules and laws were passed
relative to the county budget and county
financial reports in counties with a popu-
lation in excess of 225,000, thereby super-
seding and repealing Articles 1634, 1635
and 1636, Vernon's Civil Statutes, inso-
far as said articles pertained to such
counties.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Iola Wilcox
Iola Wilcox
Assistant

IW:mg:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis, Jr.
Gordon C. Cass
Thomas Burrus
Bob Eric Shannon

REVIEWED FOR THE ATTORNEY GENERAL
BY:    Leonard Passmore