

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 28, 1960

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. WW-787

Re: Frequency of compiling
    delinquent tax rolls.

Dear Mr. Wade:

You have requested the opinion of this office upon whether or not the Dallas County Tax Assessor-Collector may compile a combined delinquent tax roll or supplement thereto on a one-year basis instead of every two years as is now done, and whether the county may pay for such one-year cumulations. Your letter states that the one-year compilation system would be more expedient, if allowable, because of the installation of a punch-card machine system.

We agree with the conclusion in the brief accompanying your letter that the matter is controlled by Articles 7321a and 7336f, Vernon's Civil Statutes, which must be interpreted to mean that such recompilation of the delinquent tax record, or supplements thereto, must be done only on a two-year basis. It is unnecessary to discuss provisions under prior acts as both these articles, as enacted, contained general repealer sections, repealing laws or parts of laws in conflict. Pertinent parts of the two cited articles are as follows:

Article 7336f:

"Sec. 2. In a county having as many as two (2) years taxes delinquent which have not been included in the delinquent tax record, the Assessor-Collector of taxes shall within two (2) years from the effective date of this Act, cause to be compiled a delinquent tax record of all delinquent taxes not barred by this Act. . . .

". . .

". . .; and when there shall be as many as two (2) years of delinquency accumulated which are not shown on the record, a re-compilation, or a two-year supplement thereto shall then be made as herein provided. . . ."

Article 7321a:

> "In all counties in this State having a popula-
> tion of five hundred thousand (500,000) or more
> according to the last preceding Federal Census, or
> any future Federal Census, the County Tax Collector
> may cause to be compiled a delinquent tax record of
> delinquent taxes not barred, where such county has
> as many as two (2) years delinquency, and the com-
> piled delinquent records shall be examined by the
> Commissioners Court and Comptroller or Governing
> Body. . . .When there are as many as two (2) years
> of delinquency accumulated taxes which are not
> shown on the tax record, a recompilation or a two
> (2) year supplement thereto shall then be made. . ."

Provisions for payment for these compilations are
made in the omitted parts of each article; a maximum of 8
cents per item or written line in 7321a, and a maximum of 10
cents per item or written line in 7336f. Article 7336f sets
out in detail the items to be contained in the record, in
addition to data required on the Comptroller's prescribed
form. Article 7336f was originally enacted in 1935 (44th
Leg., p. 355, Ch. 128). It was first amended in 1951 (52nd
Leg., p. 304, Ch. 181) so as to include the detailed items
referred to above and increase the maximum unit fee from 5
cents to 8 cents. In 1955 (54th Leg., p. 650, Ch. 226, Sec.
1) the fee was raised to the present 10 cents. Article 7321a
was enacted in its present form in 1951 (52nd Leg., p. 289,
Ch. 171, Sec. 1).

It will be noticed that the two articles are alike
in intent and similar in wording, 7321a having a more re-
stricted scope (counties of 500,000 or more) and being less
detailed than 7336f. As mentioned, the maximum fee provided
is different. They are uniform, however, in the point here
involved: each directs that a recompilation or a two-year
supplement be made when there are as many as two years' de-
linquencies additional to the previous compilation. They
should be construed in pari materia, at least as to the point
in question. Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d
1063 (Com.App. 1929, Op. adopted).

The "Expressio unius" maxim of statutory construction
(the expression of one thing is exclusive of another) has long
been applied to situations where, as here, a particular method
or procedure is set out by the Legislature. See Bryan v.
Sundberg, 5 Tex. 418 (1849). Since both articles under dis-
cussion speak of recompilations or two-year supplements when

as many as two years' additional delinquencies accrue, this prescribed method must be interpreted as excluding one year recompilations or supplements. It is therefore our opinion that the assessor-collector may only recompile or supplement the existing delinquent tax record on a two-year basis, and may not do so on a one-year basis. The county, of course, may only pay for the additional records when compiled as authorized.

### SUMMARY

The Dallas County Tax Assessor-Collector may only recompile or supplement the existing delinquent tax record every two years, and may not do so on a one-year basis.

Very truly yours,

WILL WILSON
Attorney General

By     _James R. Irion_
     James R. Irion
     Assistant

JRI:bct

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

F. C. Jack Goodman
Houghton Brownlee, Jr.
Bob Eric Shannon
Paul Floyd

REVIEWED FOR THE ATTORNEY GENERAL

By: Leonard Passmore