. SMITH, Judge.
The Assistant State Attorney of the-Twelfth Judicial Circuit signed an Information sworn to by him and filed it in the Circuit Court of Sarasota County, charging-the defendant-appellant here with aggravated assault. On the same day that the Information was filed, the defendant was arraigned and entered a plea of guilty, while-present in open court accompanied by her mother. Subsequently, the judgment and: sentence of the court was entered, after which the defendant filed a motion for leave to withdraw her plea of guilty. The motion was denied. The motion alleges the above-facts from the record and adds that the defendant is a minor, eighteen years of age, had never before been charged with a crime, that she was pregnant, did not have sufficient time in which to consult with or employ counsel, was not aware of the seriousness, of the charge against her, and did not know that the Constitution guaranteed her the-right of counsel and trial by jury.
An Information such as this has-been held to be null, void, and of no effect. State ex rel. Ricks v. Davidson, 1935, 121 Fla. 196, 163 So. 588. The record on arraignment does not disclose whether or not inquiry was made by anyone as to whether or not she was represented by, or desired .counsel, or advised of her Constitutional' right to be tried by jury and the consequence and effect of a plea of guilty. A detailed statement of these requirements are-set forth in Asbey v. State, Fla.App.1958, 102 So.2d 407. The record does not show compliance with § 906.28, Florida Statutes,. F.S.A. We do not adjudicate whether or not a defendant waives her rights to object to these items by the entry of her plea of' guilty.
 Although action on a motion to> withdraw a plea of guilty is in the orbit of *702 judicial discretion, it is also subject to our review. Asbey v. State, supra. The accumulation of all of the circumstances of this case impels us to the view that the trial court should have granted the motion.
The judgment and sentence is reversed with directions to enter an order granting the motion for leave to withdraw the plea of guilty and to allow the defendant a reasonable time to file motions and enter a plea.
Reversed.
ALLEN, Acting C. J., and KANNER, J., concur.