ROBERTS, Justice,
dissenting.
I must respectfully dissent from the decision of the majority to deny petitioner’s requested relief. Albeit in the form of a petition for writ of habeas corpus rather than suggestion for writ of prohibition, I would grant the petition. See: Article V, Section 2(a), Florida Constitution; Wincor v. Turner, 215 So.2d 3 (Fla.1968); State ex rel. Shailer v. Booker, 241 So.2d 720 (Fla.App.1970); 17 Fla.Jur. Indictments and Informations, Section 78.
Article V of the Constitution of this State as amended effective January 1, 1973, ratified by the electors of this State at the special election of March 14, 1972, specifically provides in Section 17 thereof, as follows:
“Section 17. State attorneys.- — -In each judicial circuit a state attorney shall be elected for a term of four years. He shall be the prosecuting officer of all trial courts in that circuit and shall perform other duties prescribed by general law; provided, however, when authorized by general law, the violations of all municipal ordinances may be prosecuted by municipal prosecutors. A state attorney shall be an elector of the state and reside in the territorial jurisdiction of the circuit. He shall he and have been a member of the bar of Florida for the preceding five years. He shall devote full time to his duties, and he shall not engage in the private practice of law. State attorneys shall appoint such assistant state attorneys as may be authorized by law.” (e. s.)
Article I, Section 15(a), Florida Constitution, provides:
“(a) No person shall be tried for capital crime without presentment or indictment by a grand jury, or for other felony without such presentment or indictment or an information under oath filed by the prosecuting officer of the court, except persons on active duty in the militia when tried by courts martial.”
As stated in Article V, Section 17, Florida Constitution, the prosecuting officer of the State is the State Attorney of the judicial circuit whose qualifications are explicitly enunciated in this provision. Section 27.181, Florida Statutes, explicitly provides, in pertinent part, as follows:
“(3) Each assistant state attorney appointed by a state attorney under the authorization of this act shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of said state attorney, except, however, that due to constitutional limitations, no such assistant may sign information. He shall sign indictments and other official documents, except informations, as assistant state attorney, and when so signed, the same shall have the same force and effects as if signed by the state attorney.” (emphasis supplied)
Charging a person with a felony is a serious matter and the people of this State by ratifying Article V have decided that five years experience as a member of The Florida Bar is requisite to the holding of the position as prosecuting officer of the court. This requirement is implicitly contained in Section 27.16, Florida Statutes, which permits the appointment of an acting state attorney. This is evidenced by the language of Section 27.181, Florida Statutes, that “due to constitutional limitations, no such assistant may sign informa-tions.” Richard Purdy did not qualify under Article V, Section 17, and Article I, Section 15, Florida Constitution, to sign the information in question sub judice.
*831 State ex rel. Ricks v. Davidson, 121 Fla. 196, 163 So. 588 (1935), wherein two in-formations charging felonies, one signed by the assistant state attorney and the other signed in the state attorney’s name by an assistant, were held void, this Court, after citing the requirement in the Declaration of Rights that the prosecuting officer of the court file the information and the provision of the constitution delineating the prosecuting officer as the state attorney, succinctly explicated, as follows:
“But the filing of an information is the lodging in a court of a solemn and formal complaint charging a citizen, or citizens, with a violation of the criminal statutes and now informations may be used to charge the most heinous offenses not punishable by death.

“Therefore, it is a wise and salutary provision of the Constitution which limits the exercise of that power to those officers who are specifically provided for by the provisions of the Constitution. It is a function in the performance of which careful consideration, wise conclusions, and cautious action should be exercised, and by an officer recognized by the Constitution.” (emphasis supplied)

The people of this State decided that the prosecuting officer of each circuit charged, inter alia, with the duty of filing informa-tions must be a member of the bar of Florida for the preceding five years and this requirement applies to acting state attorneys as well as state attorneys. It is a fundamental rule of construction that when the Constitution presecribes the manner of doing a thing, this in effect constitutes a prohibition against the passage of a law prescribing a different manner of doing it. Segars v. State, 94 Fla. 1128, 115 So. 537 (1927). The constitutional requirement that the state attorney be a member of The Florida Bar cannot be circumvented by the statutory provision allowing the appointment of an acting state attorney. It appears odd to me that an acting state attorney can possess less qualifications than that required of a state attorney by the Constitution of Florida.
Accordingly, for the foregoing reasons, I would issue the writ of habeas corpus.
DEKLE, J., concurs.