# OPINIONS

## RENDERED TO HIS EXCELLENCY THE GOVERNOR,

### IN THE YEARS A. D. 1870-'1.

IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF THE 2D DAY OF JUNE, A. D. 1870, RELATING TO COUNTY OFFICERS, THEIR COMPENSATION, &C.

1. State officers, in a general sense, are officers whose duties and powers are co-extensive with the territorial limits of the State. County officers, in the same sense, are those whose general authority and jurisdiction are confined within the limits of the county in which they are appointed, who are appointed in and for a particular county, and whose duties concern more especially the people of that county.

2. The "support" of an officer is derived from the emoluments of his office, which consist of fees or per diem. Each county must pay the fees or per diem provided by law for its officers.

3. Wherever the constitution imposes a duty upon a county, the county must pay the compensation of all officers employed in the discharge of the duty imposed, as well as all expenses incident thereto.

4. In all cases where there is no constitutional provision making an expense chargeable to the county, it must be for a county purpose in order to justify the legislature in authorizing a county to resort to taxation to defray it.

SUPREME COURT ROOM,
*Tallahassee*, June 6, 1870.

To his Excellency HARRISON REED, *Governor:*

The communication of your Excellency, under date of the 2d inst., requiring an opinion of the Justices of this Court upon certain matters embraced in a resolution passed by the Legislature, was received on the day of its date. The absence of one of the members of this court has prevented an earlier compliance with the request.

Three questions are presented by your communication, as follows:

I. What class of expenses is required by the constitution to be paid by counties?

II. Who are "county officers" within the meaning of the constitution? And,

III. What legislation is necessary to carry into effect the provisions of the constitution relating to the payment by counties of their legitimate expenses?

I. It may be difficult to enumerate in detail the various kinds of expenses which are required to be paid by counties.

Sec. 6 of Art. XII requires the Legislature to "authorize the several counties and incorporated towns in the State to impose taxes for county and corporation purposes."

Sec. 18 of Art. XVI says: "Each county and incorporated city shall make provision for the support of its own officers, subject to such regulations as may be prescribed by law. Each county shall make provision for building a court house and jail, and for keeping the same in good repair."

"County purposes" necessarily includes what is intended by the phrase "the support of its own officers," and the building of a court house and jail. The term, county purposes, may also embrace the payment of the legitimate indebtedness of the counties, the construction of roads and bridges, and public works of common necessity and convenience, the expenses of various servants and agents of the counties in the management of county affairs, the maintaining of the internal police and good order of the community, public schools, and such other matters of public concern as may peculiarly effect the people of the county in their property and local interests, and may be provided by the Legislature within the scope of its authority.

A county organization commonly includes the establishment of such various county offices as may be necessary to accomplish the purposes and execute the powers of the county. These organizations, and the powers and duties of

county officers, are quite uniform in the various States, as is well understood by all our citizens.

The provisions of our constitution upon these matters are practically identical with those of the constitution of other States, and the matters above mentioned, and kindred subjects, are committed to the local governments on account of convenience and economy.

The word "support" is construed to refer to the *earnings* and *fees* to which the officers may be entitled for performing public duties. To support means "to sustain, to supply funds for the means of continuing, as to support the expenses of government." (*Webster.*) We have little difficulty in determining the meaning of the word in relation to the support of the officer of a city; there can be no doubt as to its application.

II. Who are "county officers" within the meaning of the constitution?

That instrument speaks of State officers, county officers, and municipal officers. All of them are officers of this State, and all take the same oath of office. Their character, as State or county or municipal officers, is not determined by the manner in which the offices are filled. Some of them have the prefix of "county," as "county judge," &c. This is no more a test than would be the word "State" attached to an office, the functions of which pertain to a territory greater than a county. When State officers are mentioned, we at once understand a reference to those officers whose duties and jurisdiction are not confined to the locality of a county; and we understand county and city officers to be those whose duties are confined to the territory of a county or city, and are local in their character.

The constitution says that the Governor shall appoint, "in each county," an assessor of taxes, a collector of revenue, a county treasurer, county surveyor, superintendent of schools, county commissioners, a sheriff and clerk of the circuit court, who shall be clerk of the county court and

board of county commissioners, recorder and *ex-officio* auditor of the county. Constables shall be elected "in each county." "The Governor shall appoint a county judge for each county." If the prefix "county" were held to be the criterion by which to determine whether it be a county office, we should have as county officers only a county treasurer, county surveyor, county commissioners, and a county judge. With only these officers, it strikes me that there could be no complete county organization, and the other offices are perhaps indispensable to make the necessary machinery complete and efficient.

What is a sheriff? We must define terms used in a constitution or statute by the rules of the common law, unless the constitution or statute gives us another rule. The very word here defines itself. The derivation of the word sheriff, from the Saxon, attests the antiquity of the office. The sheriff was, in Saxon times, the *reeve* or bailiff of the *shire*, and during the Anglo-Norman period, acted as the deputy of the Count or Earl, (*comes*,) who had the government of the county. Hence his title in Law Latin of *vice-comes*, and in Law French, *viscount*, that is, the Count's or Earl's deputy. The English shire-reeve has contracted into sheriff.— *History*.

In England as in the United States, he executes civil and criminal process throughout the county, and has charge of the jails and prisoners, attends courts, and keeps the peace. His duties pertain in this State to affairs within his county, and whenever he desires to serve process or arrest an offender in another county, the process must be endorsed by some judicial officer in the other county. Th. Dig., 520.

Sheriffs may summon the citizens to aid him in some instances, and this is the *posse comitatus* or power of the county. The laws of this State, in several instances, speak of this officer as the "sheriff of the county." Th. Dig., 60. The sheriff of the Supreme Court must be the "sheriff of

the county" where the court is held. Th. Dig. and Laws
of 1868.

When a prisoner is convicted and sentenced to the peni-
tentiary, the law may authorize the sheriff, or any other per-
son, to convey the convict to the penitentiary. That the
sheriff may perform the service and get his pay from the
State will not divest him of the character of a county officer.

The offices of collector and assessor are provided for each·
county, and they are necessary offices for each county, and
the county government cannot be maintained without these,
or equivalent officers. State and county taxes are assessed
upon the same property, and economy and convenience re-
quire that the State and county taxes shall be collected by
the same person. That the collector gathers the State taxes
and pays them to the State Treasury does not make him a
State officer so as to divest him of the character of a county
officer, although the compensation for his services comes out
of the taxes he may collect. It can make no difference how
he may be paid; his fees come out of the people of the coun-
ty in any event. Nor is it *necessary* that the *law* shall re-
quire him to perform an annual pilgrimage to the Comp-
troller's office, for if the law should provide that he make
settlement with the county treasurer, and that the State
moneys should be transmitted by any of the convenient
methods known to business men, with a view to economy,
much expense might be avoided. I cannot see that the law
which compels him to perform a labor not necessary to the
office, makes him other than a county officer.

Mayors of cities, county judges, and justices of the peace,
issue all their writs in the name of the State, and act "in
the name and by authority of the State," but I cannot ad-
mit that this makes them other than county or local officers.
I conclude that a county officer is one which is usually pro-
vided in the organization of counties and county govern-
ments, whose duties pertain and are limited to the territory

of a county and to the local and domestic concerns before mentioned.

III. The legislation necessary to carry into effect the provisions of the constitution relating to the payment by the counties of their legislative expenses, is some provision, if none now exists, regulating the manner of proving claims against a county, and of inquiring into their correctness, authorizing the auditing officers to reject claims not equitable, and providing the means of paying just debts.

The plan of paying at the capital all the expenses of local governments originated at a time when the United States furnished the means of maintaining the territorial government. A more economical method is required under the constitution, whereby the local authorities, composed of persons likely to be familiar with local affairs, may, with watchful care, defend and protect their own interests against the fraudulent practices, sometimes alleged, of imposing upon the auditing officer of the State, without the possibility often of his determining upon the justness of claims presented in due form, but which might, without inconvenience, be more thoroughly investigated by persons acquainted with the circumstances and the origin of each claim. This purpose, I believe it to be the design of the provisions of the constitution, relating to the subject, to effect.

Respectfully submitted.

E. M. RANDALL, C. J.

TALLAHASSEE, FLA., *June* 6, 1870.

SIR:—Your communication enclosing a resolution of the Assembly and Senate, and making certain enquiries which you are in this resolution requested to make, is received. The matter involves three points—

First. Who are county officers within the meaning of the constitution? Sec. 18, Art. XVI.

Second. What class of expenses is required by the constitution to be paid by the counties?

Third. What legislation is necessary to carry the constitutional provisions on this subject into effect?

The section and article of the constitution which has reference to the support of county officers, provides that each county shall make provision for the support of its own officers, subject to such regulations as may be prescribed by law. Under this section two questions arise—

First. Who are county officers?

Second. What is meant by the terms "shall make provision for the support of its own officers?"

Officers under the provisions of the constitution are divided into three classes—State, County and Municipal, but there is no clause in the constitution expressly designating the class to which each officer may belong, and we are therefore left to determine this question from the general character of other constitutional provisions having a bearing upon the subject, the common law classification of offices, the decision of courts of other States having similar constitutional provisions, the practice and expressed views of the legislative department of the government of such States, and from the functions and character of county organizations.

What is the test by which we are to determine whether an officer is a county officer within the meaning of this clause of the constitution, where the office is created by the Constitution?

It is clear that the source from which the commission emanates cannot be the test, for under the Constitution "all grants and commissions must be in the name and under the authority of the State of Florida," (Sec. 13, Art. V,) and neither the county, nor any officer of the county, or any other authority within the county, can confer the franchises of, or create an office, (Sec. 27, Art. IV,) nor can the people of a county create an office, as their power extends to simple

selection under an act of the Legislature prescribing the duties of the office and providing for the election of the officer by the people.

In respect to the source from which their power and authority are derived, all officers are therefore officers of the State. This, therefore, cannot be the test, as there would be no county officers if it was, and this would be inconsistent with the Constitution which recognizes such a class of officers.

The term " State officers " occurs in Sec's. 17, 21 and 23 of Art. XVI, and in each section refers to officers whose duties and powers are co-extensive with the State. The only clause in which the term " county officers " occurs in reference to officers provided by the Constitution is Sec. 12, Art. XVI, which declares that " all county officers shall hold their respective offices at the county seat of the counties." It is evident that the test by which to determine whether an officer is a county officer within the meaning of this clause, is the territorial extent of his powers and nature of his appointment and duties, and that all officers whose general authority is confined within the limits of the county, and who are appointed in and for such county, and whose duties concern the people of that county, are county officers. Is this the general test to determine whether an officer is a county officer within the meaning of the section providing for the support of the county officer ?

I have no doubt that where the constitution designates the party as a county officer, and his authority extends throughout the limits of the county, and his duties appertain to the county, he is a county officer. This is the case with the county treasurer, county surveyor, county commissioners and county judge.

There is no difficulty in arriving at this conclusion, for if these two things combined do not constitute him a county officer, then I am unable to see that there are any county officers, which as a matter of course cannot be, as the Con-

stitution expressly recognizes such class. At common law,
in so far as any such classification as county officer existed,
it embraced such officers as have jurisdiction, powers or du-
ties not extending beyond the limits of the shire or county.
Such was the case of the sheriff or *vice-comes* and other like
officers. This clause, and indeed much of the present Con-
stitution is taken from the Constitution of the State of Ne-
vada. In that State the officer discharging similar duties
to that of the judge of the county court is deemed a county
officer. So, also, is the sheriff of the county recognized as
a county officer by the decision of the Supreme Court of the
State, as well as by the uniform action of the Legislative
Department of the Government in the matter of appro-
priations.

The Supreme Court of Iowa classifies a justice of the
peace as a county officer ; county judges, clerks and sheriffs,
are deemed county officers under tne constitution of Illinois,
and in all of the other States in which I can find any allu-
sion to the question, and where the constitution recognizes
the distinction between county and State officers, the general
test is as stated. It is not intended by this to say that there
cannot be State officers whose authority is exercised within
county lines. Such are officers of the Penitentiary. They
are unquestionably State officers, in every sense that they
are officers, and yet their authority is in most if not all cases
confined to the locality. These officers are not appointed in
and for any particular county, nor are the offices such as
are local in their character, that is to say, they are offices by
no means attached to a county, but might be located as well
in one county as another, nor do the duties attached to them
appertain to the people of one county more than to the peo-
ple of another.

For the reasons stated, I concur in the conclusion reached
by Chief Justice Randall, as to who are county officers.

There is but one other view which could be taken of this
question, and that is, that where an officer acts for the coun-

ty he might be considered as to that service a county officer, and where he acts for the State he might be considered as to that service a State officer. I was first inclined to this view, but I find no authority for such a conclusion in the Constitution, and it is certainly not in conformity to the prevailing view in other States having like constitutional provisions. A sheriff everywhere executes process for the State in criminal prosecutions, but he is nevertheless classed as a county officer, and many of the officers designated by name as county officers perform duties of the most important character, which relate to the assessment and collection of State revenue, and receive their compensation from the county ; such is the case with county commissioners.

As to the second question, what is meant by the terms " make provision for the support " of the officer ?

The support of an officer is derived from the emoluments of the office, and these emoluments under the Constitution consist of fees or per diem. The result is, therefore, that the counties shall make provision for the fees or per diem of these officers.

What class of expenses are *required by the Constitution* to be paid by the counties, is the next question. As a matter of course, they must pay the fees or per diem of officers just alluded to. In addition, whenever the Constitution imposes a duty upon a county, then the county must be at the expense of discharging that duty both in the matter of the fees or per diem of such officers as may be created by law to perform that duty, as well as other expenses incident to the discharge of the duty.

Sec. 3, Art. X, imposes a duty upon the counties to provide for those of the inhabitants who by reason of age or infirmity, or misfortune, may have claims upon the aid and sympathy of society. Sec. 8, Art. VIII, provides that each county shall be required to raise annually by tax funds for the support of common schools. Sec. 18, Art. XVI, provides that each county shall make provision for building a

court house and jail, and for keeping the same in repair. All persons engaged by the county, whether as officers or employees, in the discharge of these duties, and all expenses incident thereto, are expenses to be borne exclusively by the counties.

Aside from these provisions, the Constitution in reference to the counties does nothing more than provide that the Legislature shall authorize the several counties to impose taxes for county purposes and for no other purpose. This provision restricts the powers of the Legislature and gives as a rule to determine what, (in addition to the expenses already mentioned,) class of expenses should be borne by the county.

I shall not attempt to state in detail what constitutes "county purposes," as I presume all that is desired is the expression of a general view.

The last question is what legislation is necessary to carry the Constitution into effect in these respects.

It must be obvious that it is no part of judicial duty to suggest to the Legislature what may be a proper exercise of legislative discretion; any legislation which is conformable to the views expressed herein, will accomplish the end desired. To determine what safeguards should be desired for the safe custody and disbursement of public moneys for the economical administration of the State or county government, and other matters of like character, involves neither an interpretation of any portion of the Constitution, nor is it a question of law, and I deem it unnecessary to say anything further in reply to this branch of the resolution.

Very respectfully,

JAS. D. WESTCOTT, Jr.,

Associate Justice Supreme Court.

*To his Excellency* HARRISON REED,

*Governor of Florida:*

OFFICE OF THE JUSTICES OF THE }
SUPREME COURT OF THE STATE OF FLORIDA, }
*Tallahassee, June 7th,* 1870. }

In the matter of the inquiries of his Excellency the Governor as to

First—What class of expenses is required by the Constitution to be paid by the counties?

Second—Who are county officers within the meaning of the Constitution?

Third—What legislation is necessary to " carry it into effect ?"

I am of the opinion that though all the officers in the State are created directy or indirectly by State authority, and their duties, responsibilities and compensation prescribed, regulated and controlled by it, yet county judges, county treasurers, county surveyors, clerks of the courts, county commissioners, justices of the peace, sheriffs, constables, coroners, tax assessors and collectors, and such others as are or may be so designated by statute, by name or otherwise, are made county officers. In Sec. 12, Art. XVI, the words " county officers" are used; also in Sec. 18 of the same Article. In Sec. 6 of Art. XI, the words " county purposes " are used, and elsewhere the words " county government;" Sec. 21 of Art. XIV. Purposes and government cannot be accomplished without officers. The Constitution names and designates some of them, and prescribes the duty and authority to create others and regulate their functions, and the duty to provide for their support.

The class of expenses required to be paid by the counties are,

1st. Education. See Sec. 8 of Art. VIII. The needed legislation in order to carry out this provision is, that a statute should prescribe when, how, by whom, and upon what property this tax should be levied, collected, paid over, and vouched, and the fees of the officer for performing the duties.

2d. The unfortunate. See Sec. 3 of Art. X. Legislation

should prescribe times and manner of performing the whole of this duty.

3d. County purposes. See Sec. 6 of Art. XII, and Sec. 18 of Art. XVI. Legislation should prescribe the times and manner of performing all those duties.

Very respectfully,

O. B. Hart,

Associate Justice Supreme Court.