State ex rel., Murphy v. W. D. Barnes—Syllabus.

THE STATE EX REL. J. HUGH MURPHY, RELATOR, vs. W. D. BARNES, STATE COMPTROLLER, RESPONDENT.

1. So much of section 14, chapter 3731, acts of 1887, providing for compensation of county Solicitors, as directs the payment of their per diem by the State, is in violation of section 15, article XII, of the Constitution.

2. The fact that this section 15 has its place under an article headed "Education," is of no significance as to the meaning and intent of that part relating to county officers generally, as is shown by the proceedings of the Constitutional Convention.

3. When the Constitution prescribes the manner of doing a thing, that is in effect a prohibition against a passage of a law prescribing a different manner of doing it.

4. The Solicitors for County Criminal Courts are county officers, and under said section 15 their per diem must be paid by the county;

and the *per diem per annum* compensation fixed for them, payable quarterly, is a stated salary within the meaning of the Constitution.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*A. W. Owens*, for Relator.

*The Attorney-General* for Respondent.

THE CHIEF-JUSTICE delivered the opinion of the court:

This case is a motion for an alternative writ of mandamus, based on a petition of the relator, which states in substance that he is the duly appointed Prosecuting Attorney for the Criminal Court of the county of Orange, and that there is due him from the State, under section 14, of chapter 3731, of the acts of 1887, as *per diem*, the sum of $204, which it is the duty of the Comptroller to audit and allow, but that the Comptroller refuses to perform that duty. The motion is resisted by the Comptroller on the ground that it is apparent from the face of the petition that the relator is not entitled to payment from the State, as the claim rests upon a statute which is in violation of section 15, article XII, of the Constitution. That statute is as follows : "The County Solicitors shall be paid three dollars *per diem* and receive the same conviction fees that are now paid to the State's Attorneys in like cases, to be paid quarterly by the State in like manner as the *per diem* and conviction fees of the State's Attorneys are now paid, and the said conviction fees shall be paid in cases when new trials are granted and appeals taken, the same as in other cases of convictions."

There can be no doubt of the right of the relator to his

claim if it is to be determined by this statute alone. In the section of the Constitution establishing the office of Prosecuting Attorney, it is provided that "his compensation shall be fixed by law." That is what the above section was intended to do; but it is urged that in requiring the State to pay that compensation, the Legislature exceeded its authority, because under section 15, above named, the Constitution requires it to be paid by the county in which the office is located. The section is this: "The compensation of all county school officers shall be paid from the school fund of their respective counties, and all other county officers receiving stated salaries shall be paid from the general funds of their respective counties."

If the relator is a county officer, and the fixing his compensation at "three dollars *per diem*, * * to be paid quarterly by the State, in like manner as the *per diem* of the State's Attorneys * are now paid," is a stated salary, this provision of the Constitution certainly imposes payment of it on the county. The fact to which relator attaches importance, that the section is found in an article headed " Education," and that county officers generally are in that section linked with school officers of the county, does not render doubtful or lessen the force of the plain, unmistakable language used. That its place in the Constitution cannot be held to affect its broad meaning, is apparent from the history of the proceedings of the Constitutional Con· vention, by which it is shown that the section had a sort of floating existence before getting to its final resting place. It was introduced to be a part of the article on the Judiciary Department, and then read thus: " all county officers who may receive a stated salary shall be paid only from the funds raised by their several counties for such special purpose." From the committee to which it was referred it came back amended to read as it now stands.

It afterwards got into the article on Education, was thence transferred to the article on Miscellaneous Provisions, thence to the article on Counties and Cities, and finally back again to the article on Education. It clearly appears, therefore, that the place of the section in the Constitution is of no significance as to the meaning and intent of that part of it relating to county officers generally.

The suggestion that this section contains nothing to prohibit theLegislature from passing a law putting the payment of the salaries of county officers on the State is quite untenable. When a Constitution directs how a thing shall be done, that is, in effect, a prohibition to its being done in any other way.

It only remains to be said that we hold the relator to be a county officer, (see opinion, &c., 13 Fla., 687,) and that, in our opinion, the *per diem* fixed for his compensation gives him a " stated salary," within the meaning of the Constitution.

It is made by the statute payable quarterly, thus complying with section 3 of Article XVI of the Constitution.

Salary is thus defined by Bouvier's Dictionary: " A reward or recompense for services performed, * and is usually applied to the reward paid to a public officer for the performance of his official duties." In Dane vs. Smith, 54 Ala., 47, the court uses this language as to salaries of officers: " The rule is believed to be universal that their compensation is established ; decreed by authority, and for permanence ; and that such salaries are paid to them at stated times." To make it clear that the *per diem* compensation is a " stated salary," that is, compensation fixed, established, we need only go to the act referred to (section 17, McClellan's Digest, 949,) fixing compensation of State Attorneys, where the language is this: " Three dollars *per diem*, Sundays excepted, per annum," &c. Compensation

of officers given in this way is distinguishable from fees dependent upon services performed, and comes within the rule of fixed compensation by time that constitutes the ear-mark of salary.

We have said that the salary should be paid by the county, because we hold, upon a well-established rule, that part of the statute may be sustained as valid, and part rejected as invalid.

The motion is denied.