J. C. COPPEDGE et al., *Plaintiffs in Error,* v. STATE ex rel. R. FLEMING BOWDEN, Tax Collector, *Defendant in Error.*

Division B.

Opinion filed February 14, 1930.

*James Royall* and *N. J. Findley,* for Plaintiffs in Error;

*J. Turner Butler,* for Defendant in Error.

WHITFIELD, P. J.—This writ of error was taken to a per-emptory writ of mandamus ordered by the circuit court requiring the County Board of Public Instruction for Duval County to pay to the county tax collector commissions allowed by the statute for the collection of taxes assessed in and for special tax school districts in the county. The defense in effect is that no valid statute authorizes or requires such payment.

If the statute authorizing the commissions to be paid is unconstitutional, the courts will not by mandamus require a compliance with the statute. State ex rel. v. Barnes, 25 Fla. 75, 5 So. R. 698; State ex rel v. Barnes, 24 Fla. 29, 3 So. R. 433; State ex rel. v. Bloxham, 26 Fla. 407, 7 So. R. 873; State ex rel. v. Dickinson, 44 Fla. 623, 33 So. R. 514; 50 L. R. A. 539; State ex rel v. Board, 81 Fla. 271, 87 So. R. 917; State ex rel. v. Johnson, 71 Fla. 363, 72 So. R. 477; State ex rel v. Spencer, 81 Fla. 211, 87 So. R. 634; State ex rel. v. Watkins, 88 Fla. 392, 102 So. R. 347; *Contra,* State ex rel. v. Board, 84 Fla. 592, 94 So. R. 681.

The statute provides that:

"The tax collector shall be entitled to commissions upon the aggregate amount of State taxes, general or special, including licenses collected by him and paid into the State treasury, but not on each separately, as follows: On the first four thousand dollars, ten per cent; on the next three thousand dollars, five per cent; on the balance, one and one-half per cent; and he shall be allowed the same rate of commissions for collecting the county tax. The commissions for collecting the State taxes shall be audited and allowed by the Comptroller and paid by the Treasurer upon warrant therefor; and the commissions for collecting the county taxes shall be audited and allowed by the county commissioners; and the commissions for collecting the tax for the special tax school district taxes shall be audited and allowed by the county board of public instruction, and shall be at the rate of one and one-half per cent on such collections. The commissions for collecting other special taxes shall be allowed by the county commissioners at the rate of one and one-half per cent and paid out of the special taxes so collected." Section 801, Rev. Gen. Statutes 1920, Section 1033, Comp. Gen. Laws 1927.

The words "shall be audited and allowed by are used with reference to the Comptroller and county commissioners as well as the county board of public instruction. In the connection used, to audit and allow mean to audit and pay if legal and correct.

Section 15, Article XII, Constitution, provides that:

"The compensation of all county school officers shall be paid from the school fund of their respective counties, and all other county officers receiving stated sal-

aries shall be paid from the general funds of their respective counties."

Section 10, Article XII, Constitution, provides "for the levying and collection of a district school tax, for the exclusive use of public free schools within the district."

The organic provision that school funds shall be "for the exclusive use of public free schools" does not forbid the payment from such funds of *reasonable statutory* commissions for collecting taxes levied for school purposes. A county tax collector is a county officer but he does not receive a stated salary. His compensation consists of commissions upon tax collections. The Constitution provides for a county public school system and for taxation for schools distinct from the county government and from taxation for county purposes; but this does not prevent the collection of school taxes by county officers; nor does it prohibit the payment to county officers of *reasonable statutory* fees for collecting district school taxes. The law does not make the expense of collecting district school taxes a county purpose so that the expense of collecting district school taxes may be paid from county funds. The decision in State ex rel. v. Board, 17 Fla. 418, rendered under the Constitution of 1868, is not in point here. See State ex rel. v. Barnes, 24 Fla. 29, 3 So. R. 433.

The law does not make the expense of collecting a special tax school district tax a State purpose. Such expense is a school district purpose and the law contemplates that the commissions allowed by statute for collecting a school district tax shall be paid from the tax collected for the school district.

Statutes may provide that compensation of officers shall be confined to that allowed for collecting one class of taxes. without any allowance for collecting other classes of taxes.

Rawls v. Nolan, 98 Fla. 103, 122.So. R. 222. Unlike the tax assessor, the tax collector is by the statute allowed commissions for collecting special tax school district taxes as well as for collecting State taxes and county taxes.

If the claim is a legal and proper one, mandamus is an appropriate remedy. State ex rel. v. McKinnon, 68 Fla. 548, 67 So. R. 77.

Affirmed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.