## Stockwell v. Delaware County

*Chadwick, Weeks, Curran & Ives,* for plaintiff.
*Albert J. Williams,* county solicitor, for defendant.

MacDade, J., May 19, 1938.—This is a case stated to determine the validity of section 913 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2873, insofar as it requires the payment of a fee of $20 upon the filing of a nomination petition at the last primary by a person seeking election to the office of burgess of a borough in the County of Delaware in the Commonwealth of Pennsylvania, namely, the Borough of Sharon Hill.

That candidate was F. E. Stockwell, plaintiff herein, who, on July 26, 1937, filed his petition, as aforesaid, for nomination for the office of burgess of the Borough of Sharon Hill, Delaware County, Pa. At the time of filing, he was required by the county board of elections to pay to the county treasurer the sum of $20 as a filing fee required by the provisions of the Pennsylvania Election Code of 1937. The payment was made under protest, in writing, a copy of which is set forth in the case stated. A case stated was filed to obtain a determination by the court of the validity of the filing fee, which, after a recital of the facts agreed upon, concludes as follows:

"If the court shall be of the opinion that under the Act of June 3, 1937, P. L. 1333, sec. 913, 25 PS §2873, the said filing fee of $20 was lawfully required to be paid by plaintiff, then judgment shall be entered in favor of the County of Delaware, defendant; if the court shall be

of the opinion that the said filing fee of $20 was not required by said law to be paid by plaintiff, then judgment shall be entered in favor of plaintiff, F. E. Stockwell, and against defendant, County of Delaware, in the sum of $20."

## Discussion

The Pennsylvania Code, sec. 913, provides, inter alia:

"(*b*) Each person filing any nomination petition shall pay, for each petition, at the time of said filing, a filing fee to be determined as follows, and no nomination petition shall be accepted or filed, unless and until such filing fee is paid by a certified check or money order only. Said certified checks or money orders shall be made payable to the Commonwealth of Pennsylvania or to the county, as the case may be, and shall be transmitted to the State Treasurer or to the county treasurer, and shall become part of the General Fund. . . .

"4. If for the office of associate judge or for any borough, town, township, school district or poor district office, not otherwise provided for, the sum of twenty dollars ($20.00).

"Provided, however, that no filing fee shall be paid for a nomination petition for any public office for which no compensation is provided by law."

The office of burgess is not otherwise mentioned in the act, so that it must necessarily be covered by section 913(*b*)4, if at all. Indeed it is admitted that the fee was paid by this plaintiff as such candidate for burgess under the said section.

Plaintiff contends that the exacting of a filing fee for the office of burgess under these circumstances (where there is no salary attached to the office of burgess) is erroneous and illegal for the following reasons:

(1) The office of burgess is an office for which no compensation is provided by law; and

(2) If the provisions of section 913 (*b*) 4, are intended to impose a filing fee upon a candidate for the office of

burgess, the act is, to this extent, unconstitutional and void:

(*a*) Because the provision is an unjust, unequal and discriminatory imposition and restriction upon the freedom of election and against public policy; it is arbitrary and unreasonable and has no proper relation to the regulation or expense of election;

. (*b*) Because the provision is special or class legislation and not a proper classification.

I

Taking up the first reason, namely, that the office of burgess of the Borough of Sharon Hill is an office for which no compensation is provided by law, we cite for discussion The General Borough Act of May 4, 1927, P. L. 519, art. X, sec. 1023, which provides:

"The salary of the burgess may be fixed by ordinance, to be paid from the borough treasury in monthly instalments on warrants authorized by the council. When so fixed, such salary shall not be changed during the term of the incumbent."

It will be noted that the above recited section relating to burgesses does not definitely say that a burgess shall receive a salary but that his salary "may be fixed by ordinance." Therefore, there is not in the case of a burgess, according to The General Borough Act, any provision for compensation, and this is a very proper construction. There certainly is no provision by law, in the sense of an act of the legislature, for the compensation of a burgess. This is agreed to by the learned solicitor for the County of Delaware, and he further states, to which we agree, that the law merely provides that council, by ordinance, may prescribe a salary, if it so desires, and that such an enactment has not been ordained by the Sharon Hill Borough authorities; hence the above recited section of the Election Code does not apply to burgesses.

Under The General Borough Act of 1927, section 1027, the burgess is given the power to exercise the powers and jurisdiction of justices of the peace in enforcement of borough ordinances, suppression of riots, tumults and disorderly meetings, and punishment of vagrants and disorderly persons, for which he is allowed, by the same statute, section 1026, as amended by the Act of June 9, 1931, P. L. 386, sec. 6, 53 PS §12937, "the same costs and fees as are charged by justices of the peace for like services".

If the burgess exercises this power, he may keep the fees if he receives no salary as burgess; otherwise he must turn the fees over to the borough: The General Borough Act.

It will be noted, however, that while the Act of 1927 gives the burgess the power to exercise jurisdiction of justice of the peace in certain cases, it is not his duty as burgess so to do, because the same act prescribes in section 1028 what the duties of the burgess are, omitting any reference to the exercise of jurisdiction of justice of the peace.

We hold, therefore, that the office of burgess of Sharon Hill Borough, as such, is an office for which no compensation is provided by any act of assembly of Pennsylvania, except the Act of 1927, which provides for a salary which may be fixed by the ordinance, to be paid from the borough treasury; and, if section 913(b)4, is valid, then this office should be considered as within the excepted proviso and no fee should be charged in the instant case upon the filing of a nomination petition for burgess, for council of said borough has never passed any ordinance fixing the salary of a burgess.

It would seem that the legislature could not have intended to charge a candidate a filing fee of $20 where he might receive fees for exercising some jurisdiction of a justice of the peace and where a person seeking election to the office of justice of the peace is charged a fee of only $2: Pennsylvania Election Code, sec. 913(b)8.

Before leaving this subject, what does the legislature mean when in the Election Code it makes a provision: "Provided, however, no filing fee shall be paid for a nomination petition for any public office for which no compensation is provided by law"?

By reference to Bouvier's Law Dictionary, page 2983, we find "salary" stated to be "A reward or recompense for services performed. It is usually applied to the reward paid to a public officer for the performance of his official duties. (Adopted in 24 Fla. 29)." "Salary" seems to denote a higher degree of employment and is suggestive of a larger compensation for more important services than wages, which indicates inconsiderable pay: Meyers, Admr., v. The Mayor et al., 69 Hun. (N. Y.) 291.

We think, therefore, that the term "salary," as employed in the Act of 1927, is a synonymous convertible term with the term "compensation" as stated in the Pennsylvania Election Code. We believe, therefore, that the "salary" of a public official is in a fair sense "compensation," which latter term in the sense of compensate is defined in Funk & Wagnall's New Standard Dictionary as "To make suitable return to or for, as for services, loss, etc.; give an equivalent or recompense to or for; requite; remunerate, as, to *compensate* one for his services; to *compensate* one's services."

## II

Upon the second reason, subdivided in sections (*a*) and (*b*), that if the provisions of section 913(*b*)4 are intended to impose a filing fee upon a candidate for the office of burgess, the act is, to this extent, unconstitutional and void because:

(*a*) The provision is an unequal and discriminatory imposition and restriction upon the freedom of election, it is arbitrary and unreasonable and has no proper relation to the regulation or expense of election; and

(*b*) The provision is special or class legislation and not a proper classification.

We feel, in view of our findings and conclusions heretofore, to the effect that plaintiff was exempt from paying a fee for filing a nomination petition for burgess of the Borough of Sharon Hill, it is quite unnecessary to do other than to state this of the several reasons as assigned for entering judgment for plaintiff and, therefore, we express no opinion in this respect.

However, there is a very learned discussion of this subject, in its various phases, reported in an opinion by Hargest, P. J., in Keane v. Lawrence, Secretary of Commonwealth, 30 D. & C. 235, in which, inter alia, he said:

"The Constitution of Pennsylvania, art. I, sec. 5, does not guarantee to the people anything with respect to elections except that:

" 'Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage.'

"The provision that elections shall be free does not mean that they shall be absolutely without expense to the candidate. . . . It cannot be said, even if the freedom of elections means freedom from unjust impositions and restrictions, that a reasonable regulation involving the exaction of filing fees would interfere with constitutional freedom."

The right of the legislature to impose a fee upon filing of nomination petitions has been upheld in some jurisdictions and denied in others: See 9 R. C. L. sections 85, 93. The authorities sustaining the right to exact a fee are:

Socialist Party et al. v Uhl et al., 155 Cal. 776, 103 Pac. 181. Fees ranged from $50 for State office to $10 for local offices. The question involved was not the reasonableness of the fees but the right to charge them at all. Fees were sustained on the ground that they tend to restrict an indiscriminate scramble for office and that candidate may be compelled to pay portion of expense.

State ex rel. v. Scott, 99 Minn. 145, 108 N. W. 828. Filing fee $20 for State office, $10 for others. It was held

a reasonable regulation tending to prevent an indiscriminate scramble for office.

State ex rel. v. Nichols et al., 50 Wash. 508, 97 Pac. 728. Fee was one percent of salary of the office. Sustained on theory that the fee is based on the same principle as are fees in actions and proceedings in courts, and for filing and recording papers—that candidate may be compelled to reimburse for expenses incurred.

State of Nevada ex rel. v. Brodigan, etc., 37 Nev. 492, 143 Pac. 238. Uniform fee of $100 for candidates for State offices upheld on ground that it was a reasonable charge for services and facilities afforded a candidate.

Kenneweg v. The County Commissioners of Allegany County, 102 Md. 119, 62 Atl. 249. Fee graded to various offices to defray expenses of the "return judges." Held not unreasonable to require payment of expense.

Patton v. Withycombe, 81 Ore. 210, 159 Pac. 78. Fees $150 to $5 to be paid if candidate filed petition without any signers; otherwise, no fee to be charged if candidate obtained required number of signers to his petition. Fees sustained because candidate could file without payment of fee if he desired.

The cases holding no fees may be charged are:

State of Nebraska ex rel. v. Drexel, etc., 74 Neb. 776, 105 N. W. 174. Filing fee one percent of emoluments of office. Unconstitutional under provision that "all elections shall be free."

Johnson v. Grand Forks County, etc., et al., 16 N. D. 363, 113 N. W. 1071. Fee fixed at two percent of annual salary, with certain exceptions. Held unconstitutional as prescribing unauthorized qualifications for voters and candidates.

Kelso v. Cook, etc., et al., 184 Ind. 173, 110 N. E. 987. Fee one percent of salary. Unconstitutional as a classification on arbitrary basis.

Ballinger v. McLaughlin, etc., 22 S. D. 206, 116 N. W. 70. Fees on graded scale. Held invalid because fees not uniform, bear no relation to services of officer who re-

ceives petition and is invasion of right of qualified person to become a candidate and of electors to support candidate of their choice.

In one case, at least, where the fees were stricken down by the court, the court intimated that a reasonable fee, having some relation to the services rendered in filing the papers or expense of election, would be upheld: People ex rel. v. Board of Election Commissioners of City of Chicago, 221 Ill. 9, 77 N. E. 321.

In that case the fees were $100 for Congress, $50 for State Senator, $25 for State House of Representatives, $75 for mayor, and $25 for alderman. Fees were held arbitrary as having no relation to services in filing or to the expense of election.

Thus, the weight of authority favors the validity of a proper fee. However, in nearly every case the courts referred to the fact that the fee bore a reasonable relation to the expense involved or that the fee was a reasonable regulation. This was recognized by Judge Hargest in Keane v. Lawrence, Secretary of Commonwealth, supra.

Being of the opinion that, under the Pennsylvania Election Code, supra, sec. 913, the filing fee of $20 was not lawfully required to be paid by plaintiff, under the terms of the case stated, plaintiff, F. E. Stockwell, is entitled to have judgment in his favor and against defendant, County of Delaware, in the sum of $20. See Lackey v. Mercer County, 9 Pa. 318, where it was held that a plaintiff could sue to recover back money paid upon an unfounded demand, even though defendant was a municipal corporation, and also Borough of Allentown v. Saeger, 20 Pa. 421, Hospital v. Philadelphia County, 24 Pa. 229, Taylor v. Board of Health, 31 Pa. 73, Union Insurance Co. v. The City of Allegheny, 101 Pa. 250, Peebles et ux. v. The City of Pittsburgh, 101 Pa. 304, Arrott v. Allegheny County, 328 Pa. 293, and Wilson et ux. v. Philadelphia School Dist. et al., 328 Pa. 225, 243.

It has been stated that: "It was never doubted that under proper conditions an action at law might be main-

tained against a municipal corporation": 19 R. C. L. 1048, sec. 337. The cases above cited, and others, down to the recent cases of Arrott v. Allegheny County, supra, and Bishop v. Bacon et al., 130 Pa. Superior Ct. 240, clearly show that there has never been any doubt about it in this State.

Furthermore, The General County Law of May 2, 1929, P. L. 1278, art. II, sec. 22, 16 PS §22, provides: "Each county shall have capacity as a body corporate to: "(a) Sue and be sued by the name of the county of . . .". The same act, section 1031, provides:

"All suits by a county shall be brought and conducted by the board of commissioners. In all suits against a county, process shall be served upon and defense made by the board of commissioners."

A case stated between a hospital and Philadelphia County was decided in favor of the plaintiff hospital for refund of moneys unlawfully collected by the county, as far back as 1855: Hospital v. Philadelphia County, supra.

The only question involved here is whether the payment made by plaintiff was voluntary. If it was he cannot recover; if it was not, he can recover.

The county, in what we think is a proper position, has not raised the question that the payment was voluntary. The case stated sets forth that plaintiff "was required to pay, and did pay under protest to the county treasurer for the County of Delaware, the sum of $20 as the filing fee for the filing of the said nomination petition." This disposes of the question whether the payment was voluntary or not.

We are of the opinion that the nonvoluntary nature of the payment in this case is supported by authority.

Payment of fees to a public officer, who by virtue of his office demands and takes unauthorized or illegal fees, is not voluntary payment even where no protest or notice of intention to reclaim is made; and assumpsit will lie: American Steamship Co. v. Young, 89 Pa. 186. See also Swift Co. v. United States, 111 U. S. 22.

In a case similar to the instant case, it was held that an action would lie against a county to recover fees paid by candidates for office: Johnson v. Grand Forks County, supra.

On the record of the present case it is averred that the payment was compelled and this record should control the decision of the case.