Mr. Halley B. Lewis City Attorney City of Fanning Springs Post Office Box 154 Trenton, Florida 32693
Dear Mr. Lewis:
This is in response to your request for an opinion on substantially the following question:
 ARE THE MEMBERS OF MUNICIPAL PLANNING OR ZONING COMMISSIONS AND BOARDS OF ADJUSTMENT REQUIRED TO TAKE THE OATH OF OFFICE PRESCRIBED IN s. 5(b), ART. II, STATE CONST.?
You have asked specifically if the members of boards appointed pursuant to ss. 163.180 and 163.220, F.S., are required to take the constitutional oath prescribed in s. 5(b), Art. II, State Const. However, since ss. 163.180 and 163.220 were repealed by s. 19 of Ch. 85-55, Laws of Florida, which section became effective October 1, 1985, your question has been rephrased so as to broaden its scope to the members of similar municipal boards and commissions, whether established pursuant to Ch. 163, F.S., or otherwise.
Section 5(b), Art. II, State Const., provides as follows:
 Each state and county officer, before entering upon the duties of the office, shall give bond as required by law, and shall swear or affirm:
 "I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of (title of office) on which I am now about to enter. So help me God.",
 and thereafter shall devote personal attention to the duties of the office, and continue in office until his successor qualifies. (e.s.)
The section by its terms requires the oath therein specified to be sworn to or affirmed by "[e]ach state and county officer." Generally, a "state officer's" field for the exercise of his jurisdiction, duties, and powers is coextensive with the limits of the state and extends to every part of it. Attorney General Opinion 84-21. See, Advisory Opinion to Governor, 1 So.2d 636, 638
(Fla. 1941), quoting State ex rel. Clyatt v. Hocker, 22 So. 721,723 (Fla. 1897); Advisory Opinion to Governor, 13 Fla. 687
(Fla. 1870). See also, 81A C.J.S. States s. 80a, noting that " `[s]tate officers,' . . . have been distinguished from those of a . . . town, the usual ground of distinction being that the powers and duties of the state officer are coextensive with the state and those of the other officer coextensive only with the political subdivision he serves."
Similarly, in its most general sense, the term "county officers" applies to officers whose territorial jurisdiction is coextensive with the county for which they are elected or appointed and, in a more restricted sense, means those officers by whom the county performs its usual functions of government. 20 C.J.S. Counties s. 100a. See, State ex rel. Attorney General v. Burns, 21 So. 290
(Fla. 1896) (dissenting opinion of Taylor, J., to affirmance of trial court judgment on other grounds).
Ordinarily, the territorial jurisdiction of the members of municipal planning or zoning commissions and boards of adjustment is coextensive with the boundaries of the municipality and would not be coextensive with the limits of the county or the state. But see, s. 163.175(1), F.S. (repealed by s. 19 of Ch. 85-55, Laws of Florida, effective October 1, 1985), providing in certain instances for members of municipal commissions and boards appointed pursuant to Part II of Ch. 163, F.S., to exercise certain powers beyond the territorial limits of a particular municipality. See also, s. 163.3167(1), F.S., as amended by s. 3, Ch. 85-55, supra, providing for joint exercise by municipalities and counties of certain powers with respect to preparing, adopting and implementing comprehensive plans for future development and growth. Accordingly, in the absence of territorial jurisdiction of such commissions and boards coextensive with the limits of the state or a county, I am of the opinion that the members of such municipal commissions and boards are not "state" or "county" officers for purposes of s. 5(b), Art. II, State Const., and thus are not required to take the oath of office prescribed therein. See generally, In re Advisory Opinion to Governor, 374 So.2d 959
(Fla. 1979); Wilson v. Crews, 34 So.2d 111 (Fla. 1948) (provisions of Constitution must be given effect according to natural meaning). Cf., AGO 78-107 (district office is not a state or county office for purposes of s. 5(b), Art. II, State Const.). See also, s. 876.05, F.S., and AGO 82-64 (statutory oath requirement applicable to employees and elected officers of municipalities).
Therefore, unless and until legislatively or judicially determined otherwise, the members of municipal planning or zoning commissions and boards of adjustment are not required to take the oath of office prescribed in s. 5(b), Art. II, State Const.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General